UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF STEPHENS MARITIME SERVICES, INC., AS OWNER AND OPERATOR OF THE M/V MISS DESTY | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

**VERIFIED COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes Stephens Maritime Services, Inc. ("Stephens Maritime" or "Petitioner"), as owner and operator of the M/V MISS DESTY, its engines, tackle, furniture, appurtenances, etc. ("the Vessel"), seeking exoneration from, or alternatively, limitation of liability – civil and maritime – and who with respect, allege, aver and specifically represent, upon information and belief, as follows:

**I.**

This action is filed pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

**II.**

This matter involves an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**III.**

This Honorable Court has jurisdiction over this action by virtue of 46 U.S.C. § 3501, *et seq*. and by virtue of 28 U.S.C. § 1333.

**IV.**

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, as the M/V MISS DESTY is located in this District at the time this Complaint for Exoneration From or Limitation of Liability is being filed.

**V.**

At all times pertinent hereto, Stephens Maritime was and is a domestic corporation organized and existing pursuant to the laws of Alabama, and the owner and operator of the M/V MISS DESTY.

**VI.**

At all times pertinent hereto, the M/V MISS DESTY was and is a documented vessel of the United States bearing official number 582881, and the M/V MISS DESTY was tight, staunch, strong, fully and properly equipped, manned and supplied and was in all respects seaworthy and fit for the services in which it was engaged.

**VII.**

At all times pertinent hereto, the M/V MISS DESTY was adequately crewed and was under the command of a licensed, qualified operator.

**VIII.**

At all times material hereto, Mike Hooks, LLC ("Mike Hooks") was working on a dredging project in or around Mobile, Alabama.

**IX.**

At all times pertinent hereto, Mike Hooks had entered into a Master Service Agreement with Ivy Marine Consulting, L.L.C.  Pursuant to the Master Service Agreement, Mike Hooks requested that Ivy Marine provide it with a tug to assist Mike Hooks with its dredging project.

**X.**

At the time of Mike Hook's request, Ivy Marine did not have a vessel available.  As a result, Ivy Marine contacted Stephens Maritime, and Stephens Maritime chartered the M/V MISS DESTY to Ivy Marine.

**XI.**

On or about November 11, 2017, while the M/V MISS DESTY was assisting a vessel owned and/or operated by Mike Hooks, an employee Mike Hooks, Marcos A. Ayala Ceja, was allegedly injured while aboard the Mike Hooks' vessel.  Specifically, at the time of Mr. Ceja's alleged injury, the crew of the Mike Hooks was in the process of bolting two pieces of pipe together for the dredge pipe.  The alleged injury occurred when the pipe was moved and allegedly caused injuries to Mr. Ceja.

**XII.**

Following the aforesaid alleged injury, on or about January 16, 2019, Marcos A. Ayala Ceja filed a lawsuit, entitled *"Marcos A. Ayala Ceja v. Mike Hooks, LLC"* in the District Court of Harris County, State of Texas, bearing Civil Action No. 2019-03654, seeking to recover damages for the injuries he allegedly sustained on or about November 11, 2017.

**XIII.**

In this lawsuit, Mr. Ceja alleged that he was "… working for Mike Hooks, aboard one of its vessels.  Although on limited duty, Plaintiff was ordered to make a connection of some heavy plastic pipe.  At the same time, his supervisor began to move the pipe with a crane.  While

3

moving the pipe a tug boat owned by Mike Hooks, moved the pipe without notice to Plaintiff and caused it to swing violently and strike Plaintiff in the face knocking his hardhat off his head and causing him to fall onto pipes and other equipment, further injuring his body.  Mike Hooks acted negligently while moving the pipe.  During both occurrences, Defendant Mike Hooks was negligent, and that negligence was the producing and proximate cause of Plaintiff's current injuries.  Moreover, the vessel in question was unseaworthy, and such was the cause in fact and proximate and producing cause of Plaintiff's injuries."[1]  The aforementioned is not a statement of fact by Stephens Maritime, but instead, is a quotation of the allegations maintained by Mr. Ceja in that litigation.

**XIV.**

Further, in that lawsuit, Mr. Ceja alleged that, "by reason of the occurrences made the basis of this action, including the conduct on the part of Defendant [Mike Hooks], Plaintiff sustained severe bodily injuries.  Plaintiff has incurred medical bills for past treatment, will need treatment into the future over his work life for such injuries.  Due to the occurrences, Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life."[2]  The aforementioned is not a statement of fact by Stephens Maritime, but instead, is a quotation of the allegations maintained by Mr. Ceja in that litigation.

---

[1] Mr. Ceja's petition, paragraph VII, of Civil Action No. 2019-03654 in Harris County, State of Texas.

[2] Mr. Ceja's petition, paragraph VIII, of Civil Action No. 2019-03654 in Harris County, State of Texas.

**XV.**

The aforementioned alleged incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, lack of due diligence, or want of due care on the part of Stephens Maritime, its agents, servants, employees, or any person for whose acts Stephens Maritime is or can be held responsible; nor was the alleged injury caused or contributed to by any unseaworthiness or any other condition of the M/V MISS DESTY.

**XVI.**

The aforementioned alleged incident, and any losses, and/or damages allegedly resulting therefrom, were done, occasioned and incurred without privity or knowledge of Stephens Maritime. No officers or managing directors of Stephens Maritime were on board or in the vicinity of the M/V MISS DESTY at the time of the alleged incident.

**XVII.**

Stephens Maritime was put on written notice of Mr. Ceja's alleged injury on November 14, 2019 when Mike Hooks filed a Motion for Leave to Designate Responsible Third Parties in the Harris County litigation, which was granted by the court, and designated Stephens Maritime as a potential responsible third party.

**XVIII.**

This Complaint is filed within six months from the date Stephens Maritime received first written notice of a limitable claim.

**XIX.**

As a result of the subject incident, claims totaling an as yet undetermined amount have been or may be asserted against Petitioner and the M/V MISS DESTY, which may or will greatly exceed the amount or value of Petitioner's interest in the aforesaid vessel.

20988038_1

## XX.

The market value of the M/V MISS DESTY, including any pending freight, if any, will not exceed the sum of $515,000.00.[3]

## XXI.

There are no demands or claims against the M/V MISS DESTY, so far as Stephens Maritime now knows, and there are no liens on the M/V MISS DESTY, save and except for any customary mortgages filed with a financial institution that may exist.

## XXII.

Petitioner specifically denies any and all liability for any claim for injury, loss, damage and/or destruction occasioned by or resulting from the matters recited hereinabove, and avers that it has valid defenses to all such claims.  Petitioner desires to contest liability for all such claims and, therefore, shows that it is entitled to exoneration from liability.  Petitioner further shows that any and all losses, damage or destruction were done, occasioned and incurred without fault on its part, and without its privity or knowledge.  However, should this Honorable Court adjudge that Petitioner is at fault, then Petitioner claims the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.*, and under the various statutes supplementary thereto, and amendatory thereof, and all other applicable law and jurisprudence.

## XXIII.

Stephens Maritime demands exoneration from or limitation of liability for all claims, damages, injuries, or losses of any kind caused, occasioned or arising out of the use of the M/V MISS DESTY on or about November 11, 2017, and the alleged incident or incidents which form the basis of Mr. Ceja's aforementioned petition.  Stephens Maritime further alleges that it has

---

[3] *See* Affidavit of Value, attached as Exhibit "A."

valid defenses under the facts and the applicable law to any claims arising therefrom as provided by 46 § U.S.C. 30505, *et seq.* and Rule F of the Supplemental Rules of Admiralty and Maritime Claims.

## XXIV.

Petitioner has filed contemporaneously herewith as security an *Ad Interim* Stipulation for Value issued by owner Stephens Maritime, as Principal and Surety, in the amount of $515,000.00, together with interest, at the applicable rate per annum, and costs, for the payment of Petitioner's interest in the M/V MISS DESTY, or, if ordered by this Court, will file in this proceeding a Letter of Undertaking or bond with approved surety in the usual form of said amount, with interest at the applicable rate per annum, and costs, from the date hereof. Petitioner specifically reserves the right to apply to this Court to reduce the amount of the *Ad Interim* Stipulation for Value and the limitation fund in accordance with final evaluations and applicable statutes.[4]

## XXV.

Petitioner does not know the total amount of all claims that may potentially be made for loss, damage or destruction as a result of the incident in question but anticipates and believes that suits or claims could or will be asserted and prosecuted against it and/or the M/V MISS DESTY in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

---

[4] *See Ad Interim* Stipulation for Value, attached hereto as Exhibit "B."

**XXVI.**

Should this Court find Petitioner liable in any degree to anyone, which is denied, Petitioner's liability should be limited to and not exceed the value of Petitioner's interest in the M/V MISS DESTY, and its pending freight, totaling $515,000.00.

**XXVII.**

Based on information and belief, the following individuals and/or entities have asserted and/or may assert claims and/or demands against Petitioner as a result of the aforementioned incident: Marcos A. Ayala Ceja, Mike Hooks, LLC, and Ivy Marine Consulting, L.L.C.[5] Petitioner anticipates that additional claims may be asserted against them and the M/V MISS DESTY by other parties for damages, indemnity, contribution or other loses as a result of the incident.

**XXVIII.**

Stephens Maritime reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the alleged incident was unavoidable by Stephens Maritime, the right to plead Act of God, the right to plead that the incident resulted from violations of law or permits by particular claimants, the right to plead prescription and/or laches, the right to plead that particular claimants have no right to pursue claims for alleged unseaworthiness of the M/V MISS DESTY, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the alleged incident described herein.

---

[5] *See* List of Potential Claims/Claimants, attached hereto as Exhibit "C."

## XXIX.

Pursuant to 46 U.S.C. § 30505, *et seq.*, Petitioner is entitled to have all claims and issues concerning the incident in question determined in a single proceeding before the United States District Court for the Eastern District of Louisiana sitting in admiralty.

**WHEREFORE,** Petitioner prays that:

1. This Court accept Petitioner's *Ad Interim* Stipulation for Value as security for all claims in this proceeding;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on attorneys for Petitioner a copy thereof on or before a date to be named in the notice, and that if claimant desires to contest either the right to exoneration from or limitation of liability, such person shall file and serve on the attorneys for Petitioner an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction against Petitioner, Stephens Maritime Services, Inc., as well as its respective insurers and underwriters, and the M/V MISS DESTY, whether in *personam*, by attachment, or *in rem*, and additionally dissolving the arrest or attachment of any property of Petitioner pursuant to any proceedings *in rem*, or by attachment for loss, damage and destruction done, occasioned or incurred by reason of or resulting from the aforesaid incident, or incurring during the aforesaid voyage, except in the present proceeding, against Petitioner or any other person having or claiming to have an interest of any kind in the M/V MISS DESTY.  If any claimant who shall file its claim under oath shall file an exception, controverting the value of the M/V MISS DESTY, and its condition, as alleged herein, in the amount of the approved Letter of Undertaking as aforesaid, with interest at the applicable rate per annum, and costs, from the date hereof, that this Court shall cause due appraisal to be made of the value of the M/V MISS DESTY;

4. In the event said appraised value exceeds the limitation fund or the security filed with the Court, that this Honorable Court enter an Order for the payment by Petitioner into the Court of the value of Petitioner's interest therein, or for the giving of approved security of Petitioner in such amount, pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Federal Rules of Civil Procedure;

5. This Court adjudge that Petitioner is not liable to any extent whatsoever for any loss, damage or destruction, or for any claims whatsoever, arising from the consequences of the matters, happenings, and events stated in this Complaint, and exonerate Petitioner, its respective insurers and underwriters, and the M/V MISS DESTY from liability therefore;

6.  In the alternative, and if this Court should adjudge that Petitioner is liable for any amount whatsoever, said liability shall be limited to the value of the amount of Petitioner's interest in the M/V MISS DESTY, that the monies paid or ordered to be paid, as aforesaid, may be divided pro rata, amongst such claimants, as they prove their claims, saving to all parties the priority to which they may be entitled, and that a decree be entered, discharging Petitioner and its insurers and underwriters from all other liabilities;

7.  After due proceedings had, there be judgment herein, in favor of Petitioner, Stephens Maritime Services, Inc., granting it exoneration from, or in the alternative, limitation of liability to the amounts claimed herein; and

8.  Petitioner be granted such other and further relief that it may be entitled to receive in law or equity.

                Respectfully submitted:

*/s/ Bradley J. Schlotterer*
**BRADLEY J. SCHLOTTERER, (#24211)**
brad.schlotterer@keanmiller.com
**LAUREN A. GUICHARD, (#35800)**
lauren.guichard@keanmiller.com
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone:  (504) 585-3050
Facsimile:   (504) 582-3051
**Attorneys for Stephens Maritime Services, Inc.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF STEPHENS MARITIME SERVICES, INC., AS OWNER AND OPERATOR OF THE M/V MISS DESTY | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

### VERIFICATION

STATE OF ALABAMA
COUNTY OF Baldwin

I, William Earl Stephens Jr, after being duly sworn did state the following:

I am the V.P. Sea Tow of Stephens Maritime Services, Incorporated. I have read the attached Verified Complaint for Exoneration from or Limitation of Liability and I have knowledge of the facts and circumstances regarding the incident referenced therein. The allegations in the attached Verified Complaint for Exoneration from or Limitation of Liability are true and correct to the best of my knowledge, information, and belief.

*William Earl Stephens Jr* (signature)

Sworn to and subscribed before me this 16th day of March, 2020.

*Pamela M Thompson* (signature)
Notary Public
My Commission Expires: June 28, 2020

> PAMELA M THOMPSON
> Notary Public, Alabama State At Large
> My Commission Expires
> June 28, 2020

20988016_1